**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD ROGERS,                                          Case No. 1:19-cv-585

        Plaintiff,                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Rogers filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be VACATED AND REMANDED, because the ALJ did not follow procedural requirements in her opinion.

**I. Summary of Administrative Record**

On July 14, 2014, Plaintiff protectively filed an application for Disability Insurance Benefits (DIB). (Doc. 12, PageID #871). On January 25, 2016, Plaintiff filed an application for supplementary security income (SSI). (*Id.*). In these applications, Plaintiff alleged a disability onset date of June 3, 2014. (*Id.*). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). On October 31, 2017, Plaintiff testified before ALJ Laura S. Twilley. (Doc 10, PageID ##78-112). An impartial vocational expert also testified before the ALJ at the hearing. (*Id.*). On March 29, 2018, the ALJ issued a written decision denying Plaintiff's

applications. (*Id.* at PageID ##140-49). Plaintiff appealed to the Appeals Council, which issued a decision finding that Plaintiff became disabled on March 29, 2018, instead of the initially alleged onset date of June 3, 2014. (Doc. 12, PageID #872). Plaintiff now seeks judicial review of the ALJ's denial of his applications.

Plaintiff was born in 1963 and was 51 years old on the alleged disability onset date. He has at least a high school education. He has past relevant work as a valve inspector, warehouse worker, forklift operator, extruder operator, and track repairer.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease, chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease, hypertension, obesity, and alcohol dependence. (Doc. 10 at PageID #142). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> Plaintiff can never climb ladders, ropes or scaffolds; he can occasionally crouch, kneel, crawl, and climb ramps and stairs; he can occasionally engage in work with exposure to dust, fumes, odors, gases, and other pulmonary irritants; he cannot engage in work involving any exposure to extreme hot and cold temperatures; he cannot engage in work at unprotected heights or involving dangerous moving machinery.

(*Id.* at PageID #144).

Based upon the record as a whole, including testimony from the vocation expert and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work. Nonetheless, there are jobs that exist

in significant numbers in the national economy that he can perform, including such jobs as dispatcher, store cashier, and merchandise marker. (*Id.* at PageID #148). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI.

On appeal to this Court, Plaintiff argues that the ALJ erred by improperly evaluating: (1) the treating cardiologist's opinion; (2) the medical data, and (3) Rogers' symptom severity. Upon close analysis, I find Plaintiff's assigned error regarding improperly weighing the treating specialist's opinion to be well taken and dispositive.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation

omitted).  In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits

4

must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ failed to give good reasons for giving Plaintiff's treating specialist little weight in her analysis

When considering the various medical opinions submitted in a disability claim, an ALJ is subject to certain procedural requirements. An ALJ must "determine and articulate on the record the amount of weight given to the opinion." *Lantz v. Astrue*, 2010 U.S. Dist. LEXIS 13237 (S.D. Ohio 2010) (citing 20 C.F.R. §404.1527(d); *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir. 2004)). Generally, treating physicians' opinions are "accorded substantial deference, and if uncontradicted, complete deference." *Kidd v. Comm'r of Soc. Sec.*, 283 Fed Appx. 336, 340 (6th Cir. 2008) (citing *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987)). A treating *specialist*'s opinion is considered with even higher regard. Where a treating physician's medical opinion is found not to be sufficiently supported by the record, it means "only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." SSR 96-2p, 1996 SSR LEXIS 9.

To determine what weight a treating physician's opinion is given, an ALJ must apply certain factors set forth in 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece*

*v. Barnhart,* 192 Fed. Appx. 456, 461 (6th Cir.2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)).

When stating what weight is afforded to a physician's opinion, the ALJ must "give good reasons": "A Social Security ruling explains that, pursuant to this provision, a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supportedby the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Commissioner*, 378 F3d 541, 545 (6th Cir. 2004) (citing SSR 96-2p, 1996 WL 374188 at *5 (1996)). In *Wilson*, an ALJ's explanation for not giving controlling weight was found procedurally insufficient because of failure to do three things: 1) to clarify whether the opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or was inconsistend with the other substantial evidence in the case record; 2) to identify the evidence that led the ALJ to his decision; and 3) to explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2). *Wilson*, 378 F3d at 546.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and her conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D.Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir.2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999

WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir.1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

Here, the ALJ did clarify that she was giving lesser weight to Dr. Usmani's opinion because it was not consistent with an earlier assessment from the same doctor. (Doc. 10 at PageID #147). However, the ALJ's decision did not discuss with any specificity how previous examinations were inconsistent, and did not explain at any level her application of the factors listed in 20 C.F.R. § 404.1527(d)(2). The ALJ provided two conclusory reasons for affording Dr. Usmani's opinion little weight: first, that the opinion "is not consistent with Dr. Usmani's earlier findings upon physical exam," and second, that the opinion was "even more restrictive than the claimant's own statements about his functional capabilities." (*Id.*). Defendant acknowledges that the second reason "was not sufficient to reject Dr. Usmani's opinion." (Doc. 15 at PageID # 900). In supporting the ALJ's first reason, Defendant cites extensively to the record to show that the finding was supported by substantial evidence – something that the ALJ failed to do completely in her own decision. With no specific explanation of the ALJ's reasoning, this Court cannot meaningfully review the ultimate decision.

"A court cannot excuse the denial of a mandatory procedural protection simply because… there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. The undersigned finds that the ALJ did not satisfy the procedural requirements

when affording little weight to Dr. Usmani's medical opinion, and therefore recommends that this matter be remanded. On remand, the ALJ should be instructed to properly evaluate and weight the opinion evidence in accordance with Agency regulations and controlling law.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Id.* at 176.

For the reasons explained herein, **IT IS ORDERED THAT**: the decision of the Commissioner to deny Plaintiff SSI benefits is **REVERSED** and this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge